(No. 2413— )

JULIA GRANT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 10, 1935.*

·MARGUERITE R. GARIEPY, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant herein alleges that she was employed by the State of Illinois on and for some time prior to February 3, 1934 *as an employee for the Civil Works Service, a project supported by the Emergency Relief Commission;* that the nature of her work was to canvass for the NRA getting signatures of housewives, and to give them in return Blue Eagle posters; that while so employed and on said date she tripped in a hole in the sidewalk and injured her right leg; that she received first aid treatment and is still in need of medical care, because of a permanent disability to her right leg. Wherefore claimant asks compensation under Section 8 of the Workmen's Compensation Act of Illinois.

The Attorney General has filed his motion to dismiss the claim on the grounds that—

"The State is not liable as an employer for one engaged in activities for the NRA, and for the reason that the claimant was not an employee of the State of Illinois at the time of the accident."

The record of the Illinois Emergency Relief Commission contains the following letter from the NRA offices:—

National Recovery Administration
Washington, D. C.
1115 New Post Office.
Chicago, Illinois, February 9, 1934.

Mrs. B. Beverly,
Placement Department,
Civil Works Service,
126 North Wells St.,
Chicago, Illinois.

Dear Mrs. Beverly:

Below I am giving you a record of three canvassers who have been injured and one who has been in ill health: * * *

Julia Grant,

4720 Dorchester Ave.

Identification No. 8-527.

On Friday, February 2nd, Miss Grant reported that she had twisted her knee while crossing a street and has not worked since. On February 3rd, she went to Dr. George Dittmann. On February 6th, she saw Dr. Oliver C. Foreman, from whom she obtained a letter stating that she would be unable to work on account of her knee. She was removed from the payroll as of February 2nd.

(s) Ruth E. Porter, Supervisor,
for Mrs. E. A. Conkey,
Foreman CWS Project No. 21.

It is apparent that claimant was not employed by the State of Illinois and could not be classified as a State employee and no award can be made to her as such.

In addition to this, there is nothing in the complaint to indicate that the claim in question would be compensable. The case seems analagous to that of:—

"*Chicago Circular Ad. Service* vs. *Indus. Com.*, 332 Ill. 156, wherein an employee of appellant was distributing circulars for his employer while traveling on foot from house to house. The court held that such employment was not extra hazardous and that no compensation was allowable."

Under the contentions of *Claimant's Reply Brief* every employee of the State of Illinois would be within the terms of the Workmen's Compensation Act. The State is engaged in many activities, and the Workmen's Compensation Act applies to many of its employees because of the particular nature of the business in which such employees are engaged or the hazardous nature of their individual employment, but this

court is not of the opinion that every employee of the State of Illinois, regardless of the Division or Department or nature of his employment, is within the Act.

For the reason that the injury is not compensable under the terms of the Workmen's Compensation Act—and for the further reason that in the distribution of Blue Eagle posters and organization activities of the NRA, the State of Illinois was not claimant's employer, we are of the opinion that no claim could arise against the State of Illinois under the facts alleged.

The motion of the Attorney General is allowed and the claim dismissed.